**FILED**
JEFFREY A. APPERSON, CLERK

FEB 1 8 2010

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CRIMINAL ACTION NO. 3:09CR-139-S

KEITH E. SHAW                                    DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the second superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by sympathy for or prejudice against either the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not, and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The second superseding indictment is the formal charge against the defendant. It is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness's testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact.

You should also ask whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

You have heard the testimony of Brian Doherty. You have also heard that the United States has promised him that any statement he gave to the prosecution would not be used against him. It is permissible for the United States to make such a promise. But you should consider Brian Doherty's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the United States' promise. Do not convict the defendant based on the unsupported testimony of any witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## COUNT 1

Count 1 of the second superseding indictment charges the defendant with attempting to kill another person with the intent to retaliate against a person for providing a law enforcement officer with information relating to the commission or possible commission of a federal crime, in violation of Title 18, United States Code, Section 1513(a)(1)(B).

The defendant can be found guilty of the crime charged in Count 1 only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:    That the defendant attempted to kill another person; and

<u>Second</u>:    That the defendant did so knowingly and with the intent to retaliate against a person for providing a law enforcement officer with information relating to the commission or possible commission of a federal crime.

For you to find that the defendant guilty of this crime, you must find that he did some overt act that was a substantial step towards killing another person. To constitute a substantial step, the defendant's conduct must have gone beyond mere preparation, and must strongly confirm that he intended to carry out the criminal act. However, the United States does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

You will indicate your verdict as to Count 1 on Verdict Form A. You will then proceed to the next instruction.

## COUNTS 2 THROUGH 7

Counts 2 through 7 of the second superseding indictment charge the defendant with fraud in violation of Title 18, United States Code, Section 38(a)(1), and with attempted fraud in violation of Section 38(a)(3), involving MAL lights on LN-33 Inertial Navigational Units.

### Fraud

The defendant can be found guilty of fraud as to any of Counts 2 through 7 only if all of the following facts are proved beyond a reasonable doubt as to that count:

First: That the defendant falsified or concealed a fact – specifically, that the MAL light on the LN-33 Inertial Navigational Unit identified by serial number in that count had been disabled;

Second: That the falsified or concealed fact was material;

Third: That the defendant acted knowingly and with intent to defraud; and

Fourth: That the falsified or concealed material fact concerned an aircraft part that was in or affecting interstate commerce.

You will indicate your verdict as to each of Counts 2 through 7 on Verdict Form B. If you have found the defendant not guilty as to any of Counts 2 through 7, you will proceed to the following instruction addressing attempted fraud and consider that instruction with respect to each such count.

If you have found the defendant guilty as to all of Counts 2 through 7, you will skip the attempted fraud instruction and proceed to the instruction addressing Counts 8 through 15.

### Attempted Fraud

In the alternative to completed fraud, the United States alleges that the defendant committed the crime of attempted fraud. The defendant can be found guilty of attempted fraud as to any of

Counts 2 through 7 only if all of the following facts are proved beyond a reasonable doubt as to that count:

First: That the defendant intended to commit the crime of fraud, as described above; and

Second: That the defendant did some overt act that was a substantial step towards committing fraud.

To constitute a substantial step, the defendant's conduct must have gone beyond mere preparation, and must strongly confirm that he intended to carry out the criminal act. However, the United States is not required to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

You will indicate your verdict or verdicts, if any, as to attempted fraud on Verdict Form C. You will then proceed to the next instruction.

## COUNTS 8 THROUGH 15

Counts 8 through 15 of the second superseding indictment charge the defendant with fraud in violation of Title 18, United States Code, Section 38(a)(1), and with attempted fraud in violation of Section 38(a)(3), involving rate gyroscopes.

### Fraud

The United States alleges that the defendant committed this fraud in two ways. First, it alleges that he falsified or concealed a material fact concerning maintenance and repair work performed on the rate gyroscopes. Second, it alleges that he falsely certified that maintenance and repair work performed on the rate gyroscopes complied with applicable manufacturer's specifications and guidelines. The defendant can be found guilty of fraud as to any of Counts 8 through 15 only if all of the facts establishing at least one of these two forms of fraud are proved beyond a reasonable doubt as to that count.

### 1. Falsifying or Concealing a Material Fact (Subsection 38(a)(1)(A))

The defendant may be found guilty of a count of fraud by falsifying or concealing a material fact only if all of the following facts are proved beyond a reasonable doubt as to that count:

First:    That the defendant falsified or concealed a fact – specifically, that the mechanical rate gyroscope identified by serial number in that count had been removed and replaced with an electronic rate gyroscope;

Second:    That the falsified or concealed fact was material;

Third:    That the defendant acted knowingly and with intent to defraud; and

Fourth:    That the falsified or concealed material fact concerned an aircraft part that was in or affecting interstate commerce.

## 2. Making a False Certification (Subsection 38(a)(1)(C))

The defendant may be found guilty of a count of fraud by making a false certification of conformance concerning an aircraft part only if all of the following facts are proved beyond a reasonable doubt as to that count:

First:     That the defendant made a certification – specifically, that the unit described in the certification complied with the manufacturer's specifications and guidelines for repair of stabilator amplifiers and rate gyroscopes;

Second:     That the certification was false;

Third:     That the false certification was material;

Fourth:     That the defendant acted knowingly and with intent to defraud; and

Fifth:     That the false certification concerned an aircraft part that was in or affecting interstate commerce.

Again, the United States need only prove beyond a reasonable doubt that the defendant committed one of these two forms of fraud as to each count, though you may determine that it has proved guilt beyond a reasonable doubt as to both forms for any given count. If you find that the United States has not proved guilt beyond a reasonable doubt as to either form of fraud with respect to a count, you must find the defendant not guilty as to that count. Remember, however, that your verdicts must be unanimous on each count as to each of these forms of fraud.

You will indicate your verdict on the charge of fraud as to each of Counts 8 through 15 on Verdict Forms D and E.

If you have found the defendant not guilty as to any of Counts 8 through 15, having considered both of the above-described forms of fraud, you will proceed to the following instruction addressing attempted fraud, and consider that instruction with respect to each such count.

If you have found the defendant guilty as to all of Counts 8 through 15, you will skip the attempted fraud instruction and proceed to the next instruction.

## **Attempted Fraud**

In the alternative to completed fraud, the United States alleges that the defendant committed the crime of attempted fraud. The defendant can be found guilty of a count of attempted fraud as to any of Counts 8 through 15 only if all of the following facts are proved beyond a reasonable doubt as to that count:

First:  That the defendant intended to commit the crime of fraud in at least one of the two ways described above; and

Second:  That the defendant did some overt act that was a substantial step towards committing the form or forms of fraud that he intended to commit.

To constitute a substantial step, the defendant's conduct must have gone beyond mere preparation, and must strongly confirm that he intended to carry out the criminal act. However, the United States does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

You will indicate your verdict or verdicts, if any, as to attempted fraud on Verdict Forms F and G.

You will then proceed to the next instruction.

## COUNT 16

Count 16 of the second superseding indictment charges the defendant with willfully making a false or fraudulent document in a matter within the jurisdiction of a department or agency of the United States, in violation of Title 18, United States Code, Section 1001.

The defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:   That the defendant knowingly made a document containing a false statement – specifically, that he altered a medical certificate – in relation to a matter within the jurisdiction of the Federal Aviation Administration (FAA);

Second: That the false statement was material; and

Third:   That the defendant acted willfully and with knowledge of the statement's falsity.

A matter is within the jurisdiction of the FAA if the FAA has the power to exercise authority in that matter.

You will indicate your verdict as to Count 16 on Verdict Form H.

You will then end your deliberations and return to the courtroom.

You will note that the second superseding indictment charges that the crimes were committed "on or about" certain dates. The United States does not have to prove with certainty the exact dates of the alleged crimes. It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on dates reasonably near the dates alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

The phrase "intent to defraud," as that term has been used in these instructions, means that the act was committed with intent to deceive or cheat, ordinarily for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

As used in these instructions, a statement or document is "false" if it is untrue and is known at the time of its making or use to be untrue by the person making or using it. A statement can be false even though no one was in fact deceived or misled.

As used in these instructions, a fact is "material" if it has a natural tendency to influence or is capable of influencing a person's or entity's decision about how to act in a given situation.

As used in these instructions, an object (specifically, an aircraft part as described in Counts 2 through 15) is "in or affecting interstate commerce" if it is involved in or influences travel, trade, transportation, or communication between one state and another state.

The defendant is on trial only for those specific crimes alleged in the second superseding indictment. During the course of the trial, as you know from the instruction I gave you at the time, you heard evidence that at a time other than the time charged in the second superseding indictment in this case, the defendant committed acts similar to the acts charged here. You may consider such evidence, not to prove that the defendant did the acts charged in this case, but only to prove the defendant's state of mind; that is, that the defendant acted as charged in this case with the necessary intent and not through accident or mistake.

Therefore, if you find (1) that the United States has proved beyond a reasonable doubt that the defendant did in fact commit the acts charged in the second superseding indictment, and (2) that the defendant also committed similar acts at other times, then you may consider those other similar acts in deciding whether the defendant committed the acts charged here willfully and not through accident or mistake.

A separate crime is charged in each count of the second superseding indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one count must not affect your verdict as to any other count.

Also, you must not consider the question of punishment in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-139-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Keith E. Shaw, _____ as to Count 1 of the second superseding indictment.
        (guilty/not guilty)

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-139-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Keith E. Shaw, _____ of fraud as charged in Count 2 of the second
superseding indictment.  (guilty/not guilty)

The defendant, Keith E. Shaw, _____ of fraud as charged in Count 3 of the second
superseding indictment.  (guilty/not guilty)

The defendant, Keith E. Shaw, _____ of fraud as charged in Count 4 of the second
superseding indictment.  (guilty/not guilty)

The defendant, Keith E. Shaw, _____ of fraud as charged in Count 5 of the second
superseding indictment.  (guilty/not guilty)

The defendant, Keith E. Shaw, _____ of fraud as charged in Count 6 of the second
superseding indictment.  (guilty/not guilty)

The defendant, Keith E. Shaw, _____ of fraud as charged in Count 7 of the second
superseding indictment.  (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM C - Counts 2-7 - Attempted Fraud**

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-139-S |

Having found the defendant not guilty of fraud as to Count 2, we, the jury, find the defendant, Keith E. Shaw,
_____ of attempted fraud as charged in Count 2 of the second superseding indictment.
   (guilty/not guilty)

Having found the defendant not guilty of fraud as to Count 3, we, the jury, find the defendant, Keith E. Shaw,
_____ of attempted fraud as charged in Count 3 of the second superseding indictment.
   (guilty/not guilty)

Having found the defendant not guilty of fraud as to Count 4, we, the jury, find the defendant, Keith E. Shaw,
_____ of attempted fraud as charged in Count 4 of the second superseding indictment.
   (guilty/not guilty)

Having found the defendant not guilty of fraud as to Count 5, we, the jury, find the defendant, Keith E. Shaw,
_____ of attempted fraud as charged in Count 5 of the second superseding indictment.
   (guilty/not guilty)

Having found the defendant not guilty of fraud as to Count 6, we, the jury, find the defendant, Keith E. Shaw,
_____ of attempted fraud as charged in Count 6 of the second superseding indictment.
   (guilty/not guilty)

Having found the defendant not guilty of fraud as to Count 7, we, the jury, find the defendant, Keith E. Shaw,
_____ of attempted fraud as charged in Count 7 of the second superseding indictment.
   (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |

| Case Title | Docket No. |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | CRIMINAL ACTION NO. 3:09CR-139-S |

The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
(guilty/not guilty)
Count 8 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
(guilty/not guilty)
Count 9 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
(guilty/not guilty)
Count 10 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
(guilty/not guilty)
Count 11 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
(guilty/not guilty)
Count 12 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
(guilty/not guilty)
Count 13 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
                                              (guilty/not guilty)
Count 14 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by falsifying a material fact, as charged in
                                              (guilty/not guilty)
Count 15 of the second superseding indictment.


**Foreperson's Signature**                                              **Date**

| 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-139-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 8 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 9 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 10 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 11 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 12 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 13 of the second superseding indictment.

The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 14 of the second superseding indictment.


The defendant, Keith E. Shaw, _____ of fraud by making a false certification, as charged in
(guilty/not guilty)
Count 15 of the second superseding indictment.

| Foreperson's Signature | Date |
|---|---|

| | |
|---|---|
| **United States District Court** | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-139-S |

Having found the defendant not guilty of fraud by falsifying a material fact as to Count 8, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as charged
　　　　　　　　　　　　　　　　　(guilty/not guilty)
in Count 8 of the second superseding indictment.


Having found the defendant not guilty of fraud by falsifying a material fact as to Count 9, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as charged
　　　　　　　　　　　　　　　　　(guilty/not guilty)
in Count 9 of the second superseding indictment.


Having found the defendant not guilty of fraud by falsifying a material fact as to Count 10, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as
　　　　　　　　　　　　　　　　　(guilty/not guilty)
charged in Count 10 of the second superseding indictment.


Having found the defendant not guilty of fraud by falsifying a material fact as to Count 11, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as
　　　　　　　　　　　　　　　　　(guilty/not guilty)
charged in Count 11 of the second superseding indictment.


Having found the defendant not guilty of fraud by falsifying a material fact as to Count 12, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as
　　　　　　　　　　　　　　　　　(guilty/not guilty)
charged in Count 12 of the second superseding indictment.


Having found the defendant not guilty of fraud by falsifying a material fact as to Count 13, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as
　　　　　　　　　　　　　　　　　(guilty/not guilty)
charged in Count 13 of the second superseding indictment.

Having found the defendant not guilty of fraud by falsifying a material fact as to Count 14, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as
(guilty/not guilty)
charged in Count 14 of the second superseding indictment.


Having found the defendant not guilty of fraud by falsifying a material fact as to Count 15, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by falsifying a material fact as
(guilty/not guilty)
charged in Count 15 of the second superseding indictment.

**Foreperson's Signature**

**Date**

| | |
|---|---|
| | **District** |
| **United States District Court** | Western District of Kentucky |
| **Case Title** | **Docket No.** |
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | CRIMINAL ACTION NO. 3:09CR-139-S |

Having found the defendant not guilty of fraud by making a false certification as to Count 8, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
<br>                                (guilty/not guilty)
<br>charged in Count 8 of the second superseding indictment.

Having found the defendant not guilty of fraud by making a false certification as to Count 9, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
<br>                                (guilty/not guilty)
<br>charged in Count 9 of the second superseding indictment.

Having found the defendant not guilty of fraud by making a false certification as to Count 10, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
<br>                                (guilty/not guilty)
<br>charged in Count 10 of the second superseding indictment.

Having found the defendant not guilty of fraud by making a false certification as to Count 11, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
<br>                                (guilty/not guilty)
<br>charged in Count 11 of the second superseding indictment.

Having found the defendant not guilty of fraud by making a false certification as to Count 12, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
<br>                                (guilty/not guilty)
<br>charged in Count 12 of the second superseding indictment.

Having found the defendant not guilty of fraud by making a false certification as to Count 13, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
<br>                                (guilty/not guilty)
<br>charged in Count 13 of the second superseding indictment.

Having found the defendant not guilty of fraud by making a false certification as to Count 14, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
(guilty/not guilty)
charged in Count 14 of the second superseding indictment.


Having found the defendant not guilty of fraud by making a false certification as to Count 15, we, the jury, find the defendant, Keith E. Shaw, _____ of attempted fraud by making a false certification as
(guilty/not guilty)
charged in Count 15 of the second superseding indictment.

**Foreperson's Signature**                                          **Date**

| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | District<br><br>Western District of Kentucky |
|---|---|
| Case Title<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KEITH E. SHAW | Docket No.<br><br><br>CRIMINAL ACTION NO. 3:09CR-139-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:

The defendant, Keith E. Shaw, _____ as to Count 16 of the second superseding indictment.
  (guilty/not guilty)

| Foreperson's Signature | Date |
|---|---|